{¶ 14} I agree that, per Civ.R. 53(E)(3)(b), Mainland and Delphi's failure to file timely objections to the magistrate's decision, which the court had adopted pursuant to Civ.R. 53(E)(4)(c) on November 27, 2002, prevents their assignment of alleged errors of fact or law in that decision and order. However, that bar is lifted when the error is plain error. R.G. Real Estate Holding, Inc. v. Wagner, et al. (April 24, 1998), Montgomery App. No. 16737.
 {¶ 15} "In applying the doctrine of plain error in a civil case, reviewing courts must proceed with the utmost caution, limiting the doctrine strictly to those extremely rare cases where exceptional circumstances require its application to prevent a manifest miscarriage of justice, and where the error complained of, if left uncorrected, would have a material adverse effect on the character of, and public confidence in, judicial proceedings." Goldfuss v. Davidson (1997), 79 Ohio St.3d 117,121.
 {¶ 16} The trial court's judgment and order of November 27, 2002, accomplished two things. It adopted the terms of the parties' settlement agreement as the court's own judgment and order. And, it found Mainland and Delphi had breached their duties under the agreement. The court then granted Specialty relief on its alleged losses arising from the breach.
 {¶ 17} The court could adopt the settlement agreement as the court's own order because the parties had each assented to its terms in open court some months before. However, the court could not go on to enter judgment finding a breach of the agreement by Mainland and Delphi on Specialty's ex parte application. The alleged breach involved issues of fact which an evidentiary hearing was required to resolve.
 {¶ 18} The court set the alleged breach for hearing, but prior to the date of the hearing the court entered judgment for Specialty. Specialty argues that the court could do that because Specialty's motion and supporting affidavits presented grounds from which a breach could be found, and because Mainland and Delphi had not filed a memorandum contra Specialty's motion to enforce the settlement agreement. As support for that proposition, Specialty relies on Mont.Loc.R. 2.05
 {¶ 19} Mont. Loc.R. 2.05 II B states that "[a]ll parties opposing motions shall file and serve a memorandum in opposition to the motion that has been filed and served against them," and that the opposing memorandum shall be filed "within (14) days from the date on which the motion was served." Mainland and Delphi clearly failed to do that. Specialty argues that the terms of Mont. Loc. Rule 2.05 are mandatory, and therefore permitted the court to then proceed to adjudicate the merits of Specialty's motion ex parte, without a hearing, because Mainland and Delphi had failed to respond to Specialty's motion in writing.
 {¶ 20} Civ.R. 7(B) governs motion practice. It provides, inter alia, that in order "[t]o expedite its business, the court may make provision by rule or order for the submission and determination of motions without oral hearing upon brief written statements of reasons in support and opposition." Neither Mont. Loc.R. 2.05 nor any other applicable local rule makes that provision.
 {¶ 21} Article IV, Section 5(B) of the Ohio Constitution authorizes the Supreme Court to adopt rules of practice and procedure, and it further authorizes inferior courts to "adopt additional rules concerning local practice in their respective courts which are not inconsistent with the rules promulgated by the supreme court." Specialty's contention relies on an application of Mont. Loc.R. 2.05 that, absent the notice that Civ.R. 7(B) requires for the court to proceed to adjudicate a motion without a hearing, is inconsistent with Civ.R. 7(B). Therefore, Specialty's contention must be rejected.
 {¶ 22} Even if the affidavits in support of Specialty's motion present sufficient facts from which a breach can be found, the court was required to conduct an evidentiary hearing in order to find the truth of those averments. Mainland and Delphi had notice of Specialty's application for relief, but they were further entitled to an opportunity to be heard and to present evidence in opposition to Specialty's contentions before the court could grant the relief Specialty requested. Those are fundamental due process rights which, though they can be waived, may not be denied.
 {¶ 23} The civil plain error standard set out in Goldfuss is very high, but I believe that it is met here. The trial court's error was constitutional in nature, both with respect to the requirements of due process and, assuming the court did what Specialty argues it could do, the more particular requirements of the Ohio Constitution concerning local rules of court. If left uncorrected, that course would permit the court in future cases to grant relief on written applications supported by affidavits, merely because no written response is filed. That would, in my view, have a material adverse effect on the character of, and public confidence in, judicial proceedings. And, it would be a manifest miscarriage of justice to permit Specialty, which appears to have lured the court into the error it committed, to benefit from that course of conduct.
 {¶ 24} I would reverse and remand for further proceedings.